JONES, Justice
(concurring in the result).
The problem with applying the rule of repose to these facts is that the 1932 deed (or the 1940 quitclaim deed) conveyed Powers’s entire interest in the subject property, including mineral rights, to Stough. Subsequent conveyances, whether recorded or unrecorded, are of no consequence in determining the interests owned by Stough or Powers. By virtue of the 1932 deed (or the 1940 deed), the Waltons acquired whatever interest Stough owned, which was the entire interest in the subject property. Stated otherwise, the failure to record the 1932 deed (or the 1940 deed) in no way impugned its validity as between the parties to the instrument. The Waltons, who purchased from Stough, are not here defending title against third parties, as bona fide purchasers for value, but against the heirs of the grantor in the 1932 deed (or the 1940 deed). Therefore, in recognizing the Waltons’ title, we need not look to exceptions to the rule of repose, because the rule is never invoked.